Certiorari ⬤➡5(1)—Proceeding by certiorari or writ of review not intended to serve as remedy by appeal.

Where, in a suit to enjoin a sale of plaintiff's property on execution of a judgment recovered against a third person, plaintiff proved that he was not the individual who had been cited in the original suit and against whom judgment had been obtained, and there was no question of law nor irregularity in the proceedings, defendant could not maintain certiorari, or writ of review, since such proceedings were not intended to serve as a remedy by appeal.

Certiorari to Court of Appeal, Parish of Caddo.

Suit by Willie Barkett against Harry V. Booth and others. Decree for plaintiff was affirmed by the Court of Appeal, and defendants apply for writs of certiorari and review. Writ recalled, and relief denied.

Caffery & Dorman, of Shreveport, for applicants.

Edw. Barnett, of Shreveport, for respondent.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The question decided by the district court and by the Court of Appeal, in this case, was a question of fact. Therefore it was a mistake on our part to order the case up. It is an injunction suit, in which the plaintiff, Willie Barkett, prevented a sale of his property seized in execution of a judgment that had been rendered by default against one William F. Barkett. Willie Barkett contended, and proved to the satisfaction of both courts, that he was not the individual who had been

cited in the original suit, and against whom the judgment had been obtained by default. There is no question of law in the case, no irregularity in the proceedings, and no reason for our taking issue with the two courts that have decided the question of fact. The proceeding by certiorari or writ of review to the Court of Appeal was not intended to serve as a remedy by appeal.

The writ issued herein is recalled, and the relief sought is denied, at applicant's cost.

Rehearing refused by the WHOLE COURT.

═══════════

(99 South. 412)

No. 24833.

## REYNOLDS v. GEO. A. FULLER CO.

(Jan. 28, 1924. Rehearing Denied by Division A. March 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. Contracts ⬤➡247—Modification by subcontractor of contract to drive piling held not shown.

In a subcontractor's action for the balance due on a contract to drive piling for foundation work at cost, plus a fixed per cent. as profit, wherein defendant contended that because the architects had determined that piles of a greater length were required in part of the work than that originally contemplated, 50 cents per lineal foot for each foot less than piles of their original length were to be deducted from the actual cost, *held*, that the evidence failed to show that plaintiff had consented to such a modification of the contract.

2. Set-off and counterclaim ⬤➡28(1)—Compensation and reconvention; expenses for hastening delivery of material could not be offset in subcontractor's action for contract price.

In a subcontractor's action against the contractor for balance due for driving piling in excavation work, an amount representing that expended by defendant in sending a man to hurry up the delivery of piles could not be offset against the contract price; such expense having been incurred without plaintiff's knowl-

edge and consent, and without putting him in default for actual or anticipated delay in completing his contract.

Appeal from Civil District Court, Parish of Orleans; Val. J. Stentz, Judge.

Action by Hampton Reynolds against the George A. Fuller Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Miller, Miller & Fletchinger, of New Orleans, for appellant.

P. M. Milner, of New Orleans, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. This is a suit for $19,877.-09, balance due on a contract. The only defenses are two alleged offsets—one of $4,-559.60, and one of $1,126.23.

### I.

Defendant contracted with the Hibernia Bank of New Orleans to construct an office building, the nature and details of which contract are not in the record. Defendant sublet to plaintiff a contract to drive all the piling on which the foundations were to rest, and the pertinent articles of that subcontract are as follows:

"Article 1. The subcontractor [plaintiff] agrees to supply all the labor, piling and sheet piling, equipment and service to do all things necessary for the proper driving and completion of the work shown on plans and described in the specifications.

"Article 3. In consideration of the performance of the contract, the contractor [defendant] agrees to pay the subcontractor in current funds on the last day of each month, as compensation for his services, the actual cost of the work, said actual cost to include the furnishing and driving of all piling and sheet piling and the necessary equipment to drive same, plus a fee of 8 per cent.

"The subcontractor, as one of the considerations of this contract, hereby guarantees that the total cost of said work will not exceed in actual cost and fee as hereinabove stated the sum of $75,000."

### II.

As we have said, the nature of the contract between defendant and the bank is not before us; but the specifications provided as follows:

"The proposal for pile driving shall be based on using 50-foot piles. Should test piles show that proper resistance cannot be reached with 50-foot piles the contractor will be allowed —— dollars extra per lineal foot additional. Should proper resistance be reached with piles shorter than 50 feet, the contractor will allow a credit of —— dollars per lineal foot for total number of lineal feet less than required on a 50-foot basis."

### III.

It will be seen at a glance that such a clause would be very pertinent in a contract for a lump sum or where the payment is to be by unit or piece, but can have no possible pertinency to a "cost plus" contract in which the work is to be done for *actual cost* plus a percentage for profit, *except in so far as the same might bear on a guarantee that the cost would not exceed a certain limit;* since to purchase and drive longer piles would increase the cost.

Accordingly when the driving of test piles showed that 50 per cent. of the piles to be driven would exceed the 50-foot length, plaintiff wrote defendant as follows:

"I am writing to ask you to incorporate in the contract for piling a supplemental agreement as follows: 'It is agreed and understood that, owing to the fact that the architects have determined that longer piles than 50 feet are required, an amount of 50 cents per lineal foot for each foot over 50 feet, on all piles 53 feet, 55 feet and 60 feet long, *be added to the guaranteed price."* (Italics ours.)

### IV.

[1] There is evidence in the record showing that, at an interview between the architects and defendant, at which plaintiff was present, it was agreed that defendant should receive, on each pile driven, 50 cents per lineal foot for each foot over 50, and have 50 cents per lineal foot deducted for each foot under that length. And it is pretended

that this understanding was also to affect plaintiff's contract, so that (in effect) though plaintiff was still to receive only actual cost (plus his percentage) there was to be deducted therefrom 50 cents per lineal foot for each foot less than 50, on each pile driven by him.

Plaintiff denies that he had any such understanding, and it is simply *incredible* that any sane man would have agreed to any such proposition. For it is clear that by deducting 50 cents per foot on piling after receiving only actual cost (plus commission) he would simply be doing the work for 50 cents per lineal foot *below cost*. We do not think plaintiff entered into any such agreement, and defendant's claim for 20 cents per lineal foot (cost of driving only) on 22,-798 feet is wholly without merit.

It is true that plaintiff himself once made a claim for extra compensation on the extra lengths, but he saw at once that his claim was untenable, and abandoned it before filing this suit.

### V.

[2] Defendant also seeks to offset $1,126.-23, being the amount expended to send a man out to hurry up the delivery of piles. This was done without the knowledge or consent of plaintiff, and without putting him in default for any actual or anticipated delay in completing his contract. Doubtless defendant had reasons of its own for speeding the work, but we fail to see wherein plaintiff was in any way concerned therein except in so far as required to complete his contract on time; and it is not pretended that he failed to do so.

### Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.